## Angstadt's Estate

*S. E. & J. W. Bertolet*, for accountant.

*Ellis Brodstein*, for Department of Public Assistance.

MARX, P. J., November 15, 1947.—Frank A. Angstadt died on September 12, 1946, testate and unmarried. His last will, dated March 9, 1946, was probated on January 13, 1947, and letters testamentary were thereupon granted to Edwin S. Smith, the accountant.

Testator, by his will, directed sale of his home and household goods and disposed of the proceeds of that conversion in the following testamentary terms:

"Edwin M. Smith to receive 200 dollars besides being names executor Heidelberg Ave. Stony Creek Mills Pa the rest to go to the department of public assistance division of claim settlements 124 north 15th street Phila 2 Pa".

The account includes personal estate alone and shows a balance due the estate of $1,588.56.

A question arises upon distribution of the residue of the estate. Testator gave a bequest of $200 to Edwin M. Smith. An award of that amount to the legatee is made. Testator further disposed by giving "the rest . . . to the department of public assistance division of claim settlements 124 north 15th street Phila 2 Pa". It appears, from the record established upon the audit, that decedent had been granted and paid, by the Department of Public Assistance of the Commonwealth periodic grants, for the recovery of which the Commonwealth entered judgment in the Court of Common Pleas of this county, on November 6, 1940, to no. 294, October term, 1940, in the principal sum of $2,000. That judgment was revived on October 4, 1945, to no. 50, November term, 1945, A. D. no. 133, September term, 1945, J. D. The judgment and the revived judgment were liens upon real estate then owned by decedent. Decedent sold and conveyed this real estate on or about August 30, 1946, approximately 12 days before his death. Incident to transfer of the title, the claim of plaintiff in the judgment was paid and the judgment satisfied. Decedent was not indebted to the Commonwealth in any amount thereafter. The accountant now suggests that the bequest of the residue of the estate was intended to be in satisfaction of the claim under the aforesaid judgment, and that, the judgment having been satisfied, the bequest of the residue should fail and distribution should be decreed under the provisions of intestate law. It is understandable that testator may have intended that very

arrangement, but died without and before having changed his will. The will remained as before. It contains nothing to indicate that the bequest was to be or would be satisfied by the payment of the account under judgment. While we may believe that such was the intention of testator, we must not speculate about the testamentary intent. We are held to and guided entirely by testator's will, as he wrote and left it. In the absence of convincing testimony to the contrary it becomes our duty to carry out the terms of the testamentary disposition. Distribution is accordingly decreed to the Commonwealth of Pennsylvania, Department of Public Assistance, of the entire residue of the balance for distribution. The distributions here decreed are subject to deduction, respectively, in the sums and to the extent of any transfer tax due the Commonwealth.

## DISTRIBUTION

| | | |
|---|---:|---:|
| Balance due estate, as appears by account filed, | | |
| Personalty-Principal | | $ 1,588.56 |
| To Clerk of Orphans' Court, | | |
| Adjudication costs | $ 3.00 | |
| To Accountant, allowance to cover cost of entry of satisfactions of awards, | 1.00 | 4.00 |
| | | $ 1,584.56 |
| To Edwin M. Smith | | 200.00 |
| | | $ 1,384.56 |
| To Commonwealth of Pennsylvania, Department of Public Assistance, | | |
| Division of claims, | | $ 1,384.56 |

Note: The foregoing distributions are subject to deduction for such transfer tax as may be due the Commonwealth of Pennsylvania.

It is ordered and decreed that Edwin M. Smith, executor, as aforesaid, do pay the distributions to the persons respectively entitled thereto.

And now, November 15, 1947, this adjudication is confirmed nisi; and in the absence of exceptions, filed within 10 days herefrom, such confirmation shall become absolute, as of course.